IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST,** | § § § § § | |
| Plaintiff, | § § | |
| v. | § § § | Civil Action No. 7:20-cv-161 |
| **FREDNA O. HAMILTON,** | § § § | |
| Defendant. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Bank of New York Mellon Trust Company, N.A. as Trustee for Mortgage Assets Management Series I Trust ("Plaintiff" or "BNYM"), and files this its *Original Complaint* against Fredna O. Hamilton ("Defendant" or "Borrower"), and would respectfully show the Court as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff is a national association and trustee of a traditional trust. When a trustee is the real party in interest to the suit, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980); *Mfrs. and Traders Trust Co. v. HSBC Bank USA, N.A.*, 564 F.Supp.2d 261, 263 (S.D.N.Y. 2008). When the trustee has the power to sue or be sued in its own name (and does so), it is the real party in interest. *Navarro*, 446 U.S. at 464–66; *Rivas v. U.S. Bank N.A.*, No. H-14-3246, 2015 U.S. Dist. LEXIS 74505 **3–4 (S.D. Tex. June 9, 2015). A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of

association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). BNYM has its principal place of business in New York. Therefore, BNYM is a citizen of New York for diversity purposes.

2. Defendant Fredna O. Hamilton is a citizen of Texas and an obligor under the Loan Agreement. She may be served with process at 7118 Claybrook Drive, Dallas, Texas 75231, or at such other place as she may be found. Summons is requested.

3. This Court has jurisdiction over this dispute under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00. Due to Defendant's conduct, as alleged herein, Plaintiff has the right to foreclose upon real property which secures a debt pursuant to a security instrument. When seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (U.S. 1833). The total unpaid balance owed of as of September 16, 2020 was $61,848.25. Interest and fees continue to accrue.

4. Additionally, attorney's fees are included in the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981). Plaintiff estimates that attorney's fees will be in excess of $15,000.00 through trial. Therefore, the amount in controversy is in excess of $75,000.00.

5. Venue is proper in this district and division, the United States District Court for the Northern District of Texas, Wichita Falls Division, under 28 U.S.C. § 1391(b)(2) because the real property that is the subject of this action is situated in this district and division.

## II. SUMMARY OF FACTS

6. On or about August 18, 2005, Defendant Fredna O. Hamilton executed that certain *Adjustable Rate Note (Home Equity Conversion)* (the "Note") in the original principal amount of $85,500.00 payable to Financial Freedom Senior Funding Corporation, a Subsidiary of IndyMac Bank, F.S.B, and bearing interest at the rate of 5.4000% per annum. A true and correct copy of the Note is attached hereto as Exhibit A.

7. Concurrently with the Note, Defendant executed that certain *Adjustable Rate Home Equity Conversion Deed of Trust* (the "Security Instrument" and together with the Note, the "Loan Agreement"), as grantor, granting a security interest in certain real property and improvements located in Wichita County, Texas, commonly known as 4331 Rhea Road, Wichita Falls, Texas 76308, and more particularly described as:

> LOT NUMBER TWELVE (12), BLOCK NUMBER TWENTY-SIX (26), FAITH VILLAGE, UNIT I, AN ADDITION TO THE CITY OF WICHITA FALLS, WICHITA COUNTY, TEXAS, ACCORDING TO PLAT OF RECORD IN VOLUME 6, PAGE 20, 21, 22 & 23, WICHITA COUNTY PLAT RECORDS.

(the "Property"). The Security Instrument was recorded in the Real Property Records for Wichita County, Texas on September 2, 2005 under Document No. 00030169. A true and correct copy of the Security Instrument is attached hereto as Exhibit B.

8. Plaintiff is the current legal owner and holder of the Note, last assignee per a chain of assignments into Plaintiff's name, and the mortgagee, as that term is defined in section 51.0001(4) of the Texas Property Code. A true and correct copy of the chain of assignments is attached hereto as Exhibit C.

9. Under the terms of the Loan Agreement, the Borrower is required to occupy the Property.

10. The Loan Agreement further provides that should the Borrower fail to occupy the Property, the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

11. Defendant has failed to cure the default by occupying the Property. On November 22, 2019, a *Mortgage Due & Payable Notification* ("Notice of Default") was sent to Borrower in accordance with section 51.002(d) of the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as <u>Exhibit D.</u>

12. The default was not cured. On September 25, 2020, a *Notice of Acceleration of Loan Maturity* ("Notice of Acceleration") was sent to Borrower at her last known address. A true and correct copy of the Notice of Default is attached hereto as <u>Exhibit E.</u>

13. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

### III. CAUSE OF ACTION – DECLARATORY JUDGMENT

14. The foregoing paragraphs are incorporated by reference for all purposes.

15. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

16.     Plaintiff has been forced to hire the undersigned attorneys to seek a declaratory judgment as a result of the her failure to comply with the Loan Agreement. Plaintiff is therefore entitled to and seeks judgment against the Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Security Instrument signed by Borrower.

### IV. CAUSE OF ACTION - FORECLOSURE

17.     The foregoing paragraphs are incorporated by reference for all purposes.

18.     Plaintiff asserts a cause of action for judicial foreclosure against Defendant. Plaintiff has fully performed its obligations under the Loan Agreement, however, the Borrower has failed to occupy the Property, which constitutes an event of default.

19.     The Security Instrument permits Plaintiff to foreclose on the Property should there be an event of default of the Loan Agreement.  Accordingly, Plaintiff seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment for judicial foreclosure.

20.     Plaintiff has been forced to hire the undersigned attorneys to pursue this claim; Plaintiff is therefore entitled to and seeks judgment against Defendant for its reasonable attorney's fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Loan Agreement. Plaintiff seeks an award of attorney's fees as a further obligation on the Note and not as a money judgment against Defendant, personally.

21.     All conditions precedent have been performed or have occurred.

### V. TRESSPASS TO TRY TITLE

22.     The foregoing paragraphs are incorporated by reference for all purposes.

23. Concurrent with Plaintiff acquiring all of Defendant's right, title and interest in the Property by non-judicial foreclosure, public auction, or foreclosure under Texas Rule of Civil Procedure 309, Plaintiff seeks a declaration and judgment under 28 U.S. Code § 2201, that Defendant is divested of all of her right, title and interest in the Property and that all of Defendant's right, title, and interest in the Property are vested in Plaintiff.

## VI. WRIT OF POSSESSION

24. The foregoing paragraphs are incorporated by reference for all purposes.

25. If any person occupies or claims possession of the Property after transfer of all right, title and interest in the Property by trustee's or sheriff's deed, Plaintiff requests a writ of possession against Occupant in accordance with Texas Rule of Civil Procedure 310.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that upon final hearing, that Defendant be cited to appear and answer, and the Court enter judgment granting:

a. a declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

c. a declaration that due to a breach of the Loan Agreement, Plaintiff's lien against the Property shall be enforced by a foreclosure or public auction; or alternatively, a judgment for judicial foreclosure; and that through the foreclosure or auction the Defendant is divested and Plaintiff is vested with all of the right, title, and interest to the Property;

d. a writ of possession against any Occupant of the Property who fails or refuses to leave the Property after foreclosure or auction;

e. attorneys' fees and costs of suit, not as a personal judgment against the Defendant, but only as an additional debt secured by the Security Instrument; and

f. all other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**JONATHAN C. SMITH**
Texas Bar No. 24103940
jsmith@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P.C.**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Phone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**