IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK MELLON TRUST COMPANY, N.A. AS TRUSTEE FOR MORTGAGE ASSETS MANAGEMENT SERIES I TRUST, § § § § § | | |
| Plaintiff, § | | |
| v. § | Civil Action No. 7:20-cv-00161-O-BP | |
| FREDNA O. HAMILTON, § § § | | |
| Defendant. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Second Motion for Default Judgment ("Second Motion"). ECF No. 17. Because the pleadings are insufficient to enter a default judgment, the undersigned **RECOMMENDS** United States District Judge Reed O'Connor **DENY** the Second Motion.

**I.   BACKGROUND**

Plaintiff Bank of New York Mellon Trust Company ("BNYM") sues Defendant Fredna O. Hamilton, claiming she defaulted on a home equity conversion loan agreement. ECF No. 1 at 3-4. Under the agreement, Hamilton received an $85,500.00 loan secured by an interest in her real property located at 4331 Rhea Road, Wichita Falls, TX 76308 (the "Property"). ECF No. 1 at 3; ECF No. 1-1, Exs. A-B. Hamilton's outstanding loan debt is subject to acceleration if she "cease[s] occupying the Property." ECF No. 1-1, Ex. A ¶ 7(B)(i), Ex. B ¶ 9(b)(i). If Hamilton does not resume occupancy or otherwise satisfy the accelerated loan debt, then BNYM may foreclose on the Property to recover the debt. *Id.*, Ex. B ¶¶ 9(d), 21.

In 2019, Hamilton ceased occupying the Property. ECF No. 1 at 4; ECF No. 1-1, Ex. D. BNYM notified Hamilton of her default, accelerated her loan debt of $61,848.25, and ultimately filed this suit seeking a declaration of its right to foreclose on the Property. *See* ECF No. 1 at 4; ECF No. 1-1, Exs. D-E. Hamilton has not appeared or filed a responsive pleading. This case was referred to the undersigned, who previously recommended the Court deny BNYM's first motion for default judgment. ECF No. 13. BNYM since filed this Second Motion. ECF No. 17.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. A default occurs when a defendant "has failed to plead or otherwise defend" against a plaintiff's complaint. Fed. R. Civ. P. 55(a). The clerk must enter the defendant's default when it is established by affidavit or otherwise. *Id.* The plaintiff must then apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(2). The Court may enter a default judgment only if there is a "sufficient basis in the pleadings" for doing so. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The pleadings are sufficient if they satisfy Federal Rule of Civil Procedure 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Rule 8 requires, among other items, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "The defendant, by [her] default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. But the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* Entering default judgment lies within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). It is "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

### III. ANALYSIS

The Clerk has entered Hamilton's default. ECF No. 19. But the pleadings are insufficient for entering a default judgment because they do not allege BNYM received "Secretary Approval" to accelerate Hamilton's loan debt and, consequently, foreclose on the Property. The relevant foreclosure provisions are ¶¶ 9 and 21 in the loan agreement's Deed of Trust. *See* ECF No. 1-1, Ex. B. Paragraph 21 authorizes foreclosure via the power of sale if BNYM "requires immediate payment in full under Paragraph 9." *Id.* ¶ 21. BNYM claims it "is authorized to enforce the power of sale in the [Deed of Trust] through foreclosure of the Property." ECF No. 1 at 4. And under ¶ 9, BNYM may require immediate payment in full when, as here, Hamilton "cease[s] occupying the Property." ECF No. 1-1, Ex. B. ¶ 9(b)(i). But first, BNYM must notify and receive approval from the U.S. Secretary of Housing and Urban Development:

> **Due and Payable with Secretary Approval.** Lender may require immediate payment in full of all sums secured by this Security Instrument, *upon approval of the Secretary*, if: (i) All Borrowers cease occupying the Property for 12 consecutive months without the prior written approval of the Lender;
>
> . . .
>
> **Notice to Secretary and Borrower.** Lender *shall notify the Secretary* and Borrower whenever the loan becomes due and payable under Paragraph 9.

*Id.* ¶ 9(b)(i), (d) (emphasis added); *see also id.*, Ex. A ¶ 1 (defining "Secretary"). Although BNYM alleges Hamilton ceased occupying the Property and received notice of her default (ECF No. 1 at 3-4), BNYM does not allege notifying the Secretary of Hamilton's default or receiving the Secretary's approval to accelerate her $61,848.25 debt. *See id.* at 1-7. It is thus unclear whether BNYM is entitled to foreclose under ¶ 21.

The provision requiring approval of the Secretary is required language in a home equity conversion mortgage like the instant loan agreement. 24 C.F.R. § 206.27(c)(2) (2021); s*ee generally Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 195-96 (5th Cir. 2016) (discussing the

Home Equity Conversion Mortgage program). State courts analyzing this language construe it as a condition precedent to filing suit. *See, e.g.*, *Liberty Home Equity Sols., Inc. v. Raulston*, 206 So. 3d 58, 61 (Fla. Dist. Ct. App. 2016); *Reverse Mortg. Sols., Inc. v. Lanfrit*, 66 N.Y.S.3d 833, 837 (N.Y. Sup. Ct. 2017). BNYM generally alleges under Federal Rule of Civil Procedure Rule 9(c) that "all conditions precedent have been performed or have occurred." ECF No. 1 at 4. But a Rule 9(c) allegation "is, without more, a legal conclusion" the Court should not deem admitted for purposes of reviewing a default judgment motion. *See Peche v. Wavle*, No. 19-cv-1217-FB-HJB, 2020 WL 7973919, at *5 (W.D. Tex. Apr. 28, 2020); *see also Nishimatsu Constr. Co.*, 515 F.2d at 1206.

BNYM also does not proffer any direct evidence showing the condition occurred. *McElwee v. S. Home Med. Equip., Inc.*, No. 6:08-cv-0993, 2010 WL 5479166, at *3 (W.D. La. Dec. 8, 2010) (denying motion for default judgment when there was no evidence a contract's conditions precedent were performed), *rec. adopted*, 2011 WL 9837 (W.D. La. Jan. 3, 2011). Attached to its complaint here are the following: the loan agreement; documents evidencing the loan agreement's assignment to BNYM; a Mortgage Due and Payable Notification sent to Hamilton from BNYM's mortgage servicer; and Notices of Acceleration of Loan Maturity sent to Hamilton from BNYM's law firm. ECF No. 1-1, Exs. A-E. Missing is evidence documenting notice to, and approval from, the Secretary. *See Jones v. United States*, 96 U.S. 24, 28 (1877) (stating that "a party bound to perform a condition precedent cannot sue on the contract without proof that he has performed that condition"). Given this gap in the pleadings, the Court should deny the Second Motion.

## IV.   CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DENY** the Second Motion for Default Judgment (ECF No. 17).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on January 10, 2022.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE